Michael J. Terhar [State Bar No. 89491]
Jonathan E. Hembree [State Bar No. 274051]
Carl J. Basile [State Bar No. 251267]
CUNNINGHAM SWAIM, LLP
2 North Lake Avenue, Suite 550
Pasadena, California 91101
Telephone: (626) 765-3000
Facsimile: (626) 765-3030
Email: mterhar@cunninghamswaim.com
Email: jhembree@cunninghamswaim.com
Email: cbasile@cunninghamswaim.com

Attorneys for Defendants,
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, aka
DEUTSCHE LUFTHANSA AG,
incorrectly sued as LUFTHANSA GROUP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KENNEDY formerly Daniel Sadek,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LUFTHANSA GROUP, a foreign corporation; and DOES 1 through 20, inclusive;<br><br>　　　　Defendants. | Case No. 8:25-cv-02150<br><br>**DEFENDANT'S ANSWER**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant, DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT aka DEUTSCHE LUFTHANSA AG, incorrectly sued as LUFTHANSA GROUP ("Defendant"), appearing by and through its counsel of record, answers the Complaint of DANIEL KENNEDY ("Plaintiff"), as follows and denies every allegation not given a specific response below:

///

## PARTIES

1. Answering paragraph 1 of the Complaint, Defendant lacks information or knowledge sufficient to admit or deny the factual allegations in that paragraph and therefore denies them.

2. Answering paragraph 2 of the Complaint, Defendant admits that it is a foreign corporation which operates international flights. Defendant denies that its principal place of business is located at 1400 RXR Plaza, 14W, Uniondale, New York 11556. Defendant denies all inconsistent allegations.

## FACTUAL ALLEGATIONS

3. Answering paragraph 3 of the Complaint, Defendant denies the allegations therein.

4. Answering paragraph 4 of the Complaint, Defendant denies the allegations therein.

5. Answering paragraph 5 of the Complaint, Defendant denies the allegations therein.

6. Answering paragraph 6 of the Complaint, Defendant denies the allegations therein.

7. Answering paragraph 7 of the Complaint, Defendant denies the allegations therein.

8. Answering paragraph 8 of the Complaint, Defendant denies the allegations therein.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

9. Answering paragraph 9 of the Complaint, it is not alleged against Defendant and therefore no response is required, but, to the extent that a response is required, Defendant denies the allegations therein.

10. Answering paragraph 10 of the Complaint, Defendant denies the allegations therein.

///

## SECOND CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

11. Answering paragraph 11 of the Complaint, it is not alleged against Defendant and therefore no response is required, but, to the extent that a response is required, Defendant denies the allegations therein.

12. Answering paragraph 12 of the Complaint, Defendant denies the allegations therein.

## THIRD CAUSE OF ACTION - DISCRIMINATION

13. Answering paragraph 13 of the Complaint, it is not alleged against Defendant and therefore no response is required, but, to the extent that a response is required, Defendant denies the allegations therein.

14. Answering paragraph 14 of the Complaint, Defendant denies the allegations therein.

## FOURTH CAUSE OF ACTION – VIOLATION OF THE MONTREAL CONVENTION

15. Answering paragraph 15 of the Complaint, it is not alleged against Defendant and therefore no response is required, but, to the extent that a response is required, Defendant denies the allegations therein.

16. Answering paragraph 16 of the Complaint, Defendant admits that it is an international air carrier that operates certain flights that are covered by the Montreal Convention. Defendant denies that the incident at issue in this case took place during international carriage. Defendant denies all inconsistent allegations.

## PRAYER FOR RELIEF

17. Answering the Prayer for Relief in the Complaint set forth in section IV., Defendant denies that Plaintiff is entitled to any of the relief requested in section IV and/or subparagraphs 1 to 5 thereto, or to any relief whatsoever against Defendant.

18. Defendant denies all allegations in the Complaint not specifically admitted.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a first, separate, and distinct affirmative defense, Plaintiff's Complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Estoppel)

As a second, separate, and distinct affirmative defense, Plaintiff's Complaint, and each cause of action contained therein, is barred in whole or in part by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

As a third, separate, and distinct affirmative defense, Plaintiff's Complaint, and each cause of action contained therein, is barred in whole or in part by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

(Plaintiff's Breach of Contract)

As a fourth, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff's damages, if any, were caused by the breach of the contract by Plaintiff. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

(Plaintiff's Violation of German Law)

As a fifth, separate, and distinct affirmative defense, this answering Defendant alleges that to the extent Plaintiff sustained any injuries or damages as alleged in the Complaint, said injuries or damages were caused or contributed to by Plaintiff's violation of German law prior to any action taken by Defendant. Specifically, Plaintiff

was verbally aggressive and unruly toward airport personnel, and Plaintiff twice made an illegal "Hitler salute" toward the airport supervisor, in violation of Section 86a of the German Criminal Code. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Plaintiff's Violation of Defendant's General Conditions of Carriage for Passengers)

As a sixth, separate, and distinct affirmative defense, this answering Defendant alleges that to the extent Plaintiff sustained any injuries or damages as alleged in the Complaint, said injuries or damages were caused or contributed to by Plaintiff's violation of Defendant's General Conditions of Carriage for Passengers and Baggage prior to any action taken by Defendant. Specifically, Plaintiff was verbally aggressive and unruly toward Defendant's employees, and Plaintiff twice made an illegal "Hitler salute" toward the airport supervisor, in violation of Article 7 of Defendant's General Conditions of Carriage for Passengers and Baggage. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(No Outrageous Conduct by Defendant)

As a seventh, separate, and distinct affirmative defense, this answering Defendant alleges that to the extent Plaintiff sustained any emotional distress damages as alleged in the Complaint, said injuries or damages were not caused by any outrageous conduct by Defendant or its employees, but rather the outrageous conduct of Plaintiff. Specifically, Plaintiff was verbally aggressive and unruly toward Defendant's employees, and Plaintiff twice made an illegal "Hitler salute" toward the airport supervisor, in violation of Article 7 of Defendant's General Conditions of Carriage for Passengers and Baggage and German Criminal Law. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

///
///

## EIGHTH AFFIRMATIVE DEFENSE

(No Intent to Cause Emotional Distress or Reckless Disregard)

As an eighth, separate, and distinct affirmative defense, this answering Defendant alleges that to the extent Plaintiff sustained any emotional distress damages as alleged in the Complaint, said injuries or damages were not caused by any intent to cause emotional distress by Defendant or its employees, or any reckless disregard of the probability that Plaintiff would suffer emotional distress, but rather the outrageous conduct of Plaintiff. Specifically, Plaintiff was verbally aggressive and unruly toward Defendant's employees, and Plaintiff twice made an illegal "Hitler salute" toward the airport supervisor, in violation of Article 7 of Defendant's General Conditions of Carriage for Passengers and Baggage and German Criminal Law. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

## NINTH AFFIRMATIVE DEFENSE

(Defendant's Conduct Not a Substantial Factor in Causing Alleged Harm)

As a ninth, separate, and distinct affirmative defense, this answering Defendant alleges that to the extent Plaintiff sustained any emotional distress damages as alleged in the Complaint, any conduct by Defendant or its employees was not a substantial factor in causing the distress, but rather the outrageous conduct of Plaintiff. Specifically, Plaintiff was verbally aggressive and unruly toward Defendant's employees, and Plaintiff twice made an illegal "Hitler salute" toward the airport supervisor, in violation of Article 7 of Defendant's General Conditions of Carriage for Passengers and Baggage and German Criminal Law. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

(Unruh Civil Rights Act and Federal Anti-Discrimination Laws Not Applicable)

As a tenth, separate, and distinct affirmative defense, this answering Defendant denies that any discriminatory conduct took place. However, to the extent that any conduct could be interpreted as discriminatory, which Defendant denies, all conduct

at issue in this matter took place in Frankfurt, Germany, not anywhere in California or anywhere in the United States. Accordingly, Plaintiff has no right of recovery for violations of California or United States law for conduct which occurred in Germany.

## ELEVENTH AFFIRMATIVE DEFENSE

(Plaintiff's National Origin Not a Motivating Reason)

As an eleventh, separate, and distinct affirmative defense, this answering Defendant alleges that to the extent plaintiff sustained any injuries or damages as alleged in the Complaint, Plaintiff's National Origin was not a motivating reason for denial of boarding. Plaintiff's denial of boarding was solely caused by Plaintiff's disruptive and illegal conduct. Specifically, Plaintiff was verbally aggressive and unruly toward airport personnel, and Plaintiff twice made an illegal "Hitler salute" toward the airport supervisor, in violation of Section 86a of the German Criminal Code. Accordingly, Plaintiff has no right of recovery against this answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

As a twelfth, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff failed to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize resulting damages, and that as such, Plaintiff cannot recover for losses that may have been prevented by reasonable efforts and expenditures.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Violation of Law)

As a thirteenth, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff failed to follow the instructions of airline flight attendants, pilots and other personnel, and such failure to follow the instructions of airline personnel was a violation of law that was designed to prevent the very harm that Plaintiff alleges. As such, Plaintiff's claims are barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Montreal Convention Not Applicable)

As a fourteenth, separate, and distinct affirmative defense, this answering Defendant alleges that the conduct alleged in the Complaint took place in the airport prior to boarding of the flight and was not subject to the provisions of the Montreal Convention. As such, Plaintiff's claims are barred and Plaintiff is not entitled to recovery under the Montreal Convention.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Not an Accident Under the Montreal Convention)

As a fifteenth, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff's claims, as alleged, do not constitute an accident within the meaning of Article 17 of the Montreal Convention. As such, Plaintiff's claims are barred and Plaintiff is not entitled to recovery under the Montreal Convention.

## SIXTEENTH AFFIRMATIVE DEFENSE

(No Bodily Injury Under the Montreal Convention)

As a sixteenth, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff did not sustain a "bodily injury" that was proximately caused by an accident within the meaning of Article 17 of the Montreal Convention. As such, Plaintiff's claims are barred and Plaintiff is not entitled to recovery under the Montreal Convention.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Montreal Convention Article 20 - Exoneration)

As a seventeenth, separate, and distinct affirmative defense, this answering Defendant alleges that the exoneration provision of Article 20 of the Montreal Convention applies to Plaintiff's claims. Accordingly, Plaintiff's recovery, if any, should be reduced or barred in accordance with the provisions of Article 20 of the Montreal Convention.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Damages Solely Due to the Negligence of a Third Party)

As a eighteenth, separate, and distinct affirmative defense, this answering Defendant alleges that that its liability, if any, for Plaintiff's alleged injuries and damages is limited by Article 21 of the Montreal Convention because Plaintiff's alleged injuries and damages were not due to the negligence or other wrongful acts or omissions on the part of Defendant or its servants or agents and/or were solely due to the negligence or other wrongful acts or omissions of a third party.

## NINETEENTH AFFIRMATIVE DEFENSE

(Contractual Limitations)

As a nineteenth, separate, and distinct affirmative defense, this answering Defendant alleges that its liability, if any, with respect to Plaintiff's alleged damages may be further limited or excluded in accordance with its conditions of carriage, conditions of contract and tariffs.

## TWENTIETH AFFIRMATIVE DEFENSE

(Federal Law Preemption)

As a twentieth, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff's claims and alleged damages may be preempted, barred or limited by federal law, including, *inter alia*, the Federal Aviation Act of 1958, as amended, 49 U.S.C. § 40103 *et seq*. and the Airline Deregulation Act of 1978, as amended, 49 U.S.C. § 41713(b)(1).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Improper Venue)

As a twenty-first, separate, and distinct affirmative defense, this answering Defendant alleges that Plaintiff's claims were brought in an improper venue. Accordingly, Plaintiff is not entitled to any relief in this venue.

/ / /

/ / /

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Montreal Convention Exclusive Remedy)

As a twenty-second, separate, and distinct affirmative defense, this answering Defendant alleges that if the Montreal Convention applies to Plaintiff's claims, then Plaintiff's other claims are barred, as the Montreal Convention acts as an exclusive remedy for passengers seeking damages from airlines during air travel. Accordingly, Plaintiff's other claims are barred and Plaintiff is not entitled to recovery for the causes of action not pertaining to the Montreal Convention.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Reservation and Additional Defenses)

As a twenty-third, separate, and distinct affirmative defense, Defendant has not yet had an opportunity to conduct discovery in this matter, and so as not to waive any other applicable defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure that may be shown to apply to future discovery in this matter, all defenses set forth in Rules 8(c) and 12(b) are incorporated herein by reference. Defendant further reserves the right to assert additional affirmative defenses as they become evident through discovery or investigation, in accordance with the Federal Rules of Civil Procedure and/or subsequent court order.

Dated: September 30, 2025         CUNNINGHAM SWAIM, LLP


By: */s/ Carl J. Basile*
Michael J. Terhar
Jonathan E. Hembree
Carl J. Basile
Attorneys for Defendant,
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, aka DEUTSCHE LUFTHANSA AG, incorrectly sued as LUFTHANSA GROUP.

## **DEMAND FOR JURY TRIAL**

Defendant, DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT aka DEUTSCHE LUFTHANSA AG, incorrectly sued as LUFTHANSA GROUP, hereby demands a trial by jury.

Dated: September 30, 2025          CUNNINGHAM SWAIM, LLP

By: */s/ Carl J. Basile*
Michael J. Terhar
Jonathan E. Hembree
Carl J. Basile
Attorneys for Defendant,
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, aka DEUTSCHE LUFTHANSA AG, incorrectly sued as LUFTHANSA GROUP.

**PROOF OF SERVICE**
*Daniel Kennedy v. Lufthansa Group*
**United States District Court, Central District**
**Case No.: 8:25-cv-02150**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2 North Lake Avenue, Suite 550, Pasadena, California 91101.

On September 30, 2025, I served the within document(s) described as:

**DEFENDANT'S ANSWER**

**DEMAND FOR JURY TRIAL**

on the interested parties in this action as stated below:

**SEE ATTACHED SERVICE LIST**

[X] **BY E-MAIL:** By transmitting a true copy of the foregoing document(s) to the e-mail addresses set forth on the attached mailing list.

[X] **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid at Pasadena, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY OVERNIGHT COURIER:** I caused such envelope to be placed for collection and delivery on this date in accordance with standard Federal Express delivery procedures.

[ ] **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the offices of the addressees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 30, 2025, at Pasadena, California.

| Cynthia Vivanco | */s/Cynthia Vivanco* |
|---|---|
| (Type or print name) | (Signature) |

PROOF OF SERVICE

156.0045

# SERVICE LIST
### *Daniel Kennedy v. Lufthansa Group*
### *United States District Court, Central District*
### *Case No.: 8:25-cv-02150*

Daniel Kennedy
6 Auvergne
Newport Coast, CA 92657
Tel: (949) 500-0000
Email: danielkennedy2469@gmail.com

Plaintiff Pro Se,
DANIEL KENNEDY