Carl J. Basile [State Bar No. 251267]
Jonathan E. Hembree [State Bar No. 274051]
CUNNINGHAM SWAIM, LLP
2 North Lake Avenue, Suite 550
Pasadena, California 91101
Telephone: (626) 765-3000
Facsimile: (626) 765-3030
Email: jhembree@cunninghamswaim.com
Email: cbasile@cunninghamswaim.com

Attorneys for Defendants,
DEUTSCHE LUFTHANSA
AKTIENGESELLSCHAFT, aka
DEUTSCHE LUFTHANSA AG,
incorrectly sued as LUFTHANSA GROUP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KENNEDY formerly Daniel Sadek,<br><br>Plaintiff,<br><br>vs.<br><br>LUFTHANSA GROUP, a foreign corporation; and DOES 1 through 20, inclusive;<br><br>Defendants. | Case No. 8:25-cv-02150-JWH-KES<br><br>*[Assigned to the Honorable John W. Holcomb]*<br><br>**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN**<br><br>Sched. Conf: November 21, 2025<br>Time: 11:00 a.m.<br>Location: Courtroom 9D of the Ronald Reagan Federal Building And U.S. Courthouse<br>411 W. 4th Street,<br>Santa Ana, California |

Pursuant to Federal Rule of Civil Procedure 26(f), and this Court's October 8, 2025 Order Setting Scheduling Conference, Plaintiff DANIEL KENNEDY ("Plaintiff") and Defendant DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, aka DEUTSCHE LUFTHANSA AG, incorrectly sued as LUFTHANSA GROUP ("Defendant") (collectively, the "Parties") submit the following Joint Discovery Plan

in advance of the Court's Scheduling Conference set for November 21, 2025 at 11:00 a.m. in Courtroom 9D.

### 1. Subject Matter Jurisdiction

The Parties agree that this case falls within federal subject matter jurisdiction under 28 U.S.C. §1332. The Plaintiff in this case is a resident of a different state from the Defendant and the amount in controversy exceeds $75,000.

The single plaintiff in this case, Plaintiff Daniel Kennedy, is a resident of the state of California. The sole defendant in this case, Defendant Deutsche Lufthansa Aktiengesellschaft aka Deutsche Lufthansa AG, is a German Corporation with its principal place of business located in Cologne NW, Germany. Thus, Deutsche Lufthansa Aktiengesellschaft aka Deutsche Lufthansa AG is a citizen of Germany. The amount in controversy exceeds $75,000 since Plaintiff's claimed amount of $25,000,000 in damages exceeds the minimum jurisdictional requirement of the amount in controversy of $75,000.

Since the plaintiff in this case is a resident of a different state from the defendant and the amount in controversy exceeds $75,000, this case falls within federal diversity jurisdiction.

### 2. Statement of the Case

Plaintiff alleges that on or about June 9, 2025, he was a passenger at Frankfurt International Airport in Frankfurt, Germany, when he was denied boarding on a flight operated by Defendant. Plaintiff alleges that Defendant's denial of boarding was wrongful and based on false and defamatory allegations that he performed a "Nazi salute," an act that Plaintiff categorically denies ever doing. Plaintiff contends that this accusation is entirely false, has placed him in serious personal danger, and has caused severe reputational harm, humiliation, emotional distress, and economic loss, in violation of the Montreal Convention and other applicable law.

It is Defendant's contention that Plaintiff became verbally aggressive during the preliminary check at departure gate Z19 and that due to Plaintiff's behavior, a second

security check was required. Plaintiff then gave a Nazi salute twice to the airline personnel as he left the area. Plaintiff then gave further verbal aggression to airline personnel. Due to Plaintiff's verbal aggression, he was excluded from the flight in compliance with Defendant's policies and procedures and also for the safety of the flight.

### 3. Damages/Insurance

a. *Damages*

Plaintiff seeks damages in the amount of $25,000,000, including reputational harm, emotional distress, humiliation, loss of business opportunities, and the danger and personal risk to his safety that he alleges result from Defendant's false Nazi-salute accusation and denial of boarding. Defendant disputes both liability and the nature and amount of Plaintiff's claimed damages.

b. *Insurance*

Defendant has a commercial general liability policy applicable to this litigation. Defendant's insurance carrier is not asserting a reservation of rights at this time.

### 4. Parties and Evidence

The parties to this case are Plaintiff Daniel Kennedy and Defendant Deutsche Lufthansa Aktiengesellschaft aka Deutsche Lufthansa AG. Currently known percipient witnesses are Plaintiff, Plaintiff's brother, Alexandre Sadek, who was traveling with him at the time of the incident, Defendant's employees who were present at the time of the incident, including but not limited to Micha Viana Martins and Dalila Coulter, who can be reached through Defendant's counsel, the responding Federal Police Officers, and other individuals present at the time of the incident. Key documents in this case include Plaintiff's flight records, an incident report prepared by Lufthansa, any police reports prepared by the Federal Police, and any potential video of the incident. The parties anticipate further relevant documents to emerge during the discovery process.

/ / /

The Parties agree that a stipulated protective order may be appropriate to safeguard legitimately confidential or proprietary materials (such as personal identifying information, security procedures, and internal policies). Plaintiff's position is that any such protective order should be limited and narrowly tailored, and should not operate as a blanket order restricting public disclosure of factual events or information necessary for Plaintiff to address alleged reputational harm, while Defendant reserves all rights with respect to the scope and terms of any proposed order.

**5. Discovery**

a. *Status of Discovery*

The Parties have not yet completed any written or oral discovery. Defendant will serve requests for admissions, interrogatories and requests for production of documents on Plaintiff prior to the scheduling conference. Plaintiff has already served multiple sets of written discovery and deposition notices prior to filing his First Amended Complaint and intends to supplement those discovery requests to address the additional allegations and damages set forth in the amended pleading.

b. *Discovery Plan*

On October 29, 2025, the Parties held a telephonic conference in accordance with Fed. R. Civ. P. 26(f) and the Court's Order. The participants were: Plaintiff Pro Se Daniel Kennedy; and Carl J. Basile, Esq., from Cunningham Swaim LLP on behalf of Defendant.

In accordance with Fed. R. Civ. P. 26(f)(3)(A), the Parties will exchange their initial disclosures on November 12, 2025. The Parties do not anticipate any changes to the timing, form, or requirement for such disclosures.

In accordance with Fed. R. Civ. P. 26(f)(3)(B), the Parties agree that discovery will be conducted on the allegations and claims contained within Plaintiff's operative Complaint and the denials and defenses raised in Defendant's Answer. The Parties intend to propound written discovery in the form of interrogatories, requests for production, and requests for admissions, and to take depositions of key witnesses

including Plaintiff, Alexandre Sadek, Lufthansa employees present during the incident, and the Federal Police Officers who responded, as authorized by the Federal Rules.

The Parties anticipate they will conduct initial written discovery pertaining to the incident, any witnesses to the incident, actions by Plaintiff prior to and at the time of the incident, actions by Defendant prior to and at the time of the incident, Plaintiff's claimed damages, and other matters relevant to the issues of liability and damages.

Regarding witnesses, the Parties anticipate taking the depositions of Plaintiff, Plaintiff's travel companion Alexandre Sadek, Defendant's employees who were present at the time of the incident, Federal Police Officers who responded to the incident, and Plaintiff's witnesses as they relate to damages. Persons that may have information regarding the incident of which the Parties are aware are Plaintiff, Plaintiff's brother Alexandre Sadek, who was present at the incident scene, Defendant's employees, including but not limited to Micha Viana Martins and Dalila Coulter, and Federal Police Officers.

In accordance with Fed. R. Civ. P. 26(f)(3)(C), the Parties have discussed electronically stored information (ESI). As guiding principles, the Parties agree to meet and confer in good faith concerning issues that arise with respect to the disclosure or discovery of ESI. The Parties intend to produce documents in Portable Document Format (PDF), as they are kept in the usual course.

Additionally, should a party inadvertently produce any personal, confidential, or otherwise privileged information, the Parties intend to adhere to a "clawback" agreement, that will govern the return of any such inadvertently produced personal, confidential, or otherwise privileged information. Such an agreement shall generally require the party to immediately notify the producing party of such disclosure. After the producing party is so notified, the party will return, sequester, or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as trial preparation materials is

resolved. The Parties agree that such inadvertent disclosure shall not constitute a waiver of any privilege. The Parties agree that they will attempt to resolve disputes regarding the assertion of privilege between themselves and if unable to do so, will file a motion with the Court for in camera review and decision on the issue. The Parties' clawback stipulation applies to any third parties to whom inadvertently disclosed materials are re-disclosed.

In accordance with Fed. R. Civ. P. 26(f)(3)(D), the Parties have discussed privilege and protection issues. They agree that a Stipulated Protective Order may be necessary, depending on the information requested during the course of discovery.

In accordance with Fed. R. Civ. P. 26(f)(3)(E), the Parties do not anticipate any changes to the rules on discovery limitations and adopt the default limitations on discovery imposed by the Federal Rules of Civil Procedure, local rules, and applicable case law. The Parties do agree, however, to meet and confer if additional discovery is needed, and will seek leave of Court to if necessary.

In accordance with Fed. R. Civ. P. 26(f)(3)(F), the Parties have discussed the need for other discovery or scheduling orders under Rule 26(c), 16(b), and 16(c).

The parties propose a discovery cut-off date of November 20, 2026.

The parties propose that the expert discovery cut-off is November 20, 2026.

### 6. Legal Issues

The key legal issues in this case include, but are not limited to:

- Whether Defendant wrongfully denied boarding to Plaintiff in violation of the Montreal Convention;

- Whether Defendant, through its employees or agents, falsely accused Plaintiff of performing a Nazi salute and published that accusation to third parties;

- Whether any such accusation was defamatory and caused Plaintiff reputational harm, emotional distress, and economic loss;

- Whether Defendant's conduct constituted negligence, negligent or intentional infliction of emotional distress;

- Whether Defendant breached a contract with Plaintiff;

- Whether Defendant's conduct interfered with Plaintiff's prospective economic relationships; and

- Whether Plaintiff's own actions were, in whole or in part, the cause of his alleged damages.

**7. Motions**

   a.   *Procedural Motions*

Plaintiff has filed, or intends to file prior to the Scheduling Conference, a First Amended Complaint to clarify his allegations regarding the allegation regarding the Nazi-salute accusation and to update his damages claim to $25,000,000. Defendant does not presently anticipate filing any procedural motions or seeking to add any other parties at this time. The Parties propose that the deadline to amend pleadings or add parties (beyond Plaintiff's First Amended Complaint) is March 6, 2026.

   b.   *Dispositive Motions*

Defendant anticipates that it will likely file a Motion for Summary Judgment and/or a Motion for Summary Adjudication.

   c.   *Class Certification Motion*

The Parties do not anticipate any Class Certification motion in this action.

**8. Alternative Dispute Resolution (ADR)**

   a.   *Prior Discussions*

The Parties have held discussions regarding ADR. Plaintiff has indicated that he prefers the Attorney Settlement Officer Panel. Defendant would prefer to engage in Private Mediation with the cost shared among the Parties. Defendant is not opposed to the Attorney Settlement Officer Panel if the Court determines it to be the preferred method of ADR.

   b.   *ADR Selection*

The parties elect for the Attorney Settlement Officer Panel and anticipate that such settlement efforts will occur in September or October of 2026.

### 9. Trial

    a. *Proposed Trial Date*

The Parties propose a trial date of March 1, 2027.

    b. *Time Estimate*

The Parties estimate a 5-day trial.

    c. *Jury or Court Trial*

The parties request a jury trial.

    d. *Magistrate Judge*

The parties do not consent to appearing before a Magistrate Judge.

    e. *Trial Counsel*

Plaintiff Daniel Kennedy will represent himself. Defendant's lead trial counsel will be Carl J. Basile, Esq.

### 10. Special Requests/Other Issues

The Parties have no additional special scheduling requests at this time. However, Plaintiff emphasizes that any protective order entered in this matter must be limited in scope and narrowly tailored to protect only legitimately confidential materials, such as personal identifying information or proprietary business data. Plaintiff expressly objects to any blanket or overly broad protective order that would restrict public disclosure of factual events or prevent him from addressing or correcting reputational harm arising from the false accusations at issue.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: November 9, 2025     DANIEL KENNEDY

By: */s/ Daniel Kennedy*
Plaintiff Daniel Kennedy, Pro Se.

Dated: November 9, 2025     CUNNINGHAM SWAIM, LLP

By: */s/ Carl J. Basile*
Carl J. Basile
Jonathan E. Hembree
Attorneys for Defendant,
DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, aka DEUTSCHE LUFTHANSA AG, incorrectly sued as LUFTHANSA GROUP